5ws198
144  460

5ws198
179  583

5 WS 198
22 SC ¹266

## Mullock *against* Souder.

The 10th section of the Act of 8th April 1833, which provides that real estate acquired by a testator after the date of his will shall pass by a general devise, does not apply to a will dated before its passage.

Ground-rents reserved in a conveyance by the testator after the date of his will are considered as property newly acquired after such date.

THIS was a case stated for the opinion of the court, as follows: Elizabeth Peters, of Baltimore, made her last will dated the 3d of June 1831, which was proved in Baltimore county, Maryland, on the 10th July 1837, she having died on the 6th of the same month, and letters testamentary upon an exemplification filed in the Register's Office for the city and county of Philadelphia, were issued to Caspar Souder, the executor named in the will, on the 17th July 1837. By this will she devised as follows: "I order and direct all my just debts and funeral expenses to be fully satisfied and paid out of my estate by my executor hereinafter appointed, and after payment thereof, I give, devise and bequeath all the residue and remainder of my estate, real, personal and mixed, without reservation or exception, whether situate and lying in the States of Maryland and Pennsylvania or elsewhere, unto my beloved sister Leah Mullock, widow, and my dear nieces Leah Souder, (wife of Caspar Souder), Sarah Bickerton, Elizabeth Mullock, Elizabeth Bickerton, Rachel Rambo, (wife of John Rambo), Rachel Mullock and Mary Mullock, their heirs, executors, administrators and assigns, for ever, as tenants in common, to be equally divided between them share and share alike."

After the date of the will, to wit, on the 13th day of April 1835, the testatrix disposed of two messuages and lots which she owned, one in the city, the other in the county of Philadelphia, and reserved to herself and her heirs the two annual ground-rents, for partition of which this action is brought. She did not republish her will.

The said Rachel Rambo, widow, one of the devisees, by deed dated the —— day of October 1838, and acknowledged the 29th of October 1838, granted and conveyed all her interest in the said ground-rents to the said defendants, Sarah Bickerton and Elizabeth Bickerton, in fee, as tenants in common.

The plaintiffs claim, as devisees of the testatrix, their one half of the premises as passing by the residuary devise to themselves and the defendants in common.

The question submitted to the court upon these facts is, whether these ground-rents, reserved after the date of the will, passed by the will of the testatrix to her devisees. If the court shall be of

[Mullock v. Souder.]

opinion that they did pass by the will, then judgment *quod partitio fiat* to be entered, and that the plaintiffs have one half of the premises allotted to them in severalty, and the defendants the other half. If the court shall be of opinion that the ground-rents did not pass by the will, then the plaintiff be at liberty to discontinue in order to bring her action against the other heirs at law of the testatrix, she being herself an heir.

*I. S. Campbell*, for the plaintiff in error, cited *Skerrett* v. *Burd*, (1 *Whart.* 246); and *Roney* v. *Stiltz*, (5 *Whart.* 381).

*H. Binney, Jun.*, contra.

The opinion of the Court was delivered by

SERGEANT, J.—The ground-rents in question must be considered as property acquired after the date of the will; *Skerrett* v. *Burd*, (1 *Whart.* 246); and the rule of law was, at the date of this will, and until the Act of 8th April 1833, that real estate acquired after the date of the will did not pass by any general devise contained in it. *Girard* v. *The City of Philadelphia*, (4 *Rawle* 323). But by the 10th section of that Act, the real estate acquired by any testator, after the making of his will, shall pass by a general devise, unless a contrary intention be manifest on the face of the will. If this Act applies to a will dated before its passage, where the testator died subsequently, then the parties to this suit have the title, and partition may be made. We think, however, that it does not. It could only do so by giving the Act a retro-active effect, which will never be done, where such does not expressly appear to be the design of the Legislature; but the Act of Assembly will be left to operate on wills made and executed after the Act comes into operation. A devise of real estate is in the nature of a conveyance; *Harwood* v. *Goodright*, (*Cowp.* 90); and a statute will not be considered as altering the effect of a conveyance already made, so as to pass more than it purported to pass when made. A retro-active effect will not be given to a statute so as to affect contracts or property. *Dwarr. on Stat.* 681. In the case of *Ashburnham* v. *Bradshaw*, (2 *Atk.* 36), a devise to charitable uses was made by a will dated in 1734. The testator lived till July 1736, a month after the Mortmain Act had been passed, and upon a case the Judges certified that the devise was good. And to the same effect are *Attorney-General* v. *Lloyd*, (3 *Atk.* 551); and *Same* v. *Andrews*, (1 *Vez., Sen.* 225). There the application of the statute would have abridged the rights of the devisee; here it would abridge the rights of the heirs; and there seems no difference in the principle.

Leave to discontinue according to case stated.