[No. 9164.   Department Two.—July 13, 1886.]

IN THE MATTER OF THE ESTATE OF GEORGE F. T. LEARNED, DECEASED. ANNA I. WELCH ET AL., APPELLANTS, *v.* A. C. HEREFORD, RESPONDENT.

ESTATE OF DECEDENT—PROBATE OF WILL—PETITION—ESSENTIAL AVERMENTS.—Under section 1300 of the Code of Civil Procedure, it is not essential that the petition for the probate of a will should state whether it is an olographic or other species of will, nor does any defect of form or in the statement of the jurisdictional facts actually existing invalidate the probate.

ID.—CONTEST ON PROBATE—FINDINGS—OLOGRAPHIC WILL.—Where the probate of a will is contested, and the court by whom the contest is tried finds against the contestants on all the issues raised by them, a further finding that the will is valid as an olographic will, although not necessary to sustain the judgment admitting it to probate as such, is not erroneous, notwithstanding no issue as to its validity as an olographic will was raised by the contest.

ID.—OLOGRAPHIC WILL—EXECUTION BEFORE ADOPTION OF CIVIL CODE—VALIDITY OF.—An olographic will is not invalid because made and executed prior to the time section 1277 of the Civil Code became operative, if the testator did not die until after the section took effect.

PRACTICE—DEPOSITION—EVIDENCE OF NON-RESIDENCE OF WITNESS—WAIVER.—Error in admitting depositions in evidence, without preliminary proof that the witnesses resided out of the county where the cause was being tried, is waived, if the party against whom the depositions were offered dispensed with the formal proof of such fact on the trial, and accepted the verbal statement of the opposing counsel as to their non-residence.

APPEAL from an order of the Superior Court of the city and county of San Francisco admitting a will to probate, from an order revoking letters of administration previously granted, and from an order refusing a new trial.

The proceeding was commenced by the filing of a petition for the probate of a certain will, purporting to have been made and executed by George F. T. Learned on June 3, 1869, and for the issuance of letters testamentary thereon to the petitioner, Mrs. A. C. Hereford, who was named therein as executrix. Certain relatives of the testator contested the probate, alleging that the instrument was a forgery; that the deceased was insane at the time of its execution; that undue influence was used, etc. The court decided all the issues raised by the contest in favor of the petitioner, and further found that the instrument was valid as an olographic will. The contestants moved for a new trial which was denied. The further facts are stated in the opinion.

*J. M. Lesser,* and *A. D. D'Ancona,* for Appellants.

*Bicknell & White,* and *Wallace & Hastings,* for Respondent.

FOOTE, C.—This is an appeal from an order admitting to probate the will of G. F. T. Learned, and revoking letters of administration previously granted (upon the supposition that no will then existed) to E. A. Learned; and from that refusing the contestants of the will a new trial upon the issues propounded by them.

The first point of objection raised by the appellants who contested the probate of said will is, that the petition therefor did not propound it as *olographic,* and the contestants did not direct their attack on it as such, and not being advised by the pleadings that the instrument was claimed to be that kind of a will, the court had no right in its findings so to declare it.

In this the appellants are mistaken. In such a proceeding the contestant is plaintiff, the jury are to find upon all the issues of fact raised by the contest, and none others, and if facts are disclosed in evidence which go to the question of the propriety under the law of admit-

ting the will to probate upon grounds which are not put in issue before the jury, the court is then to pass upon such evidence by findings.

In the case now under consideration there was no jury, and the court, in view of all the evidence before it, had a right to determine whether or not the will should be admitted to probate, either as an olographic or other kind of will. (*Estate of Collins*, Myrick's Prob. Rep. 73, 74; Code Civ. Proc., sec. 1312; *Estate of Cartery*, 56 Cal. 470.)

And there is nothing in section 1300 of the Code of Civil Procedure which declares that a petition for the probate of a will shall state whether it is an olographic or other species of will, nor will any "defect of form or in the statement of the jurisdictional facts actually existing make void the probate of a will"; and the evidence in this case sustained the findings.

The court is to admit the will to probate or not, under all the facts shown in evidence, in accordance with the statutes of this state.

But in this case, admitting that tribunal found upon an issue not embraced in the pleadings of the contest, yet it also found against the contestants on all the issues raised by them, and in such a case no finding declaring the will valid as olographic under section 1273 of the Civil Code was necessary in order to sustain the judgment. (*McCourtney* v. *Fortune,* 57 Cal. 617.)

And the contestants cannot complain of that finding in this instance, because, when the court offered to grant them time to meet the issue as to whether or not the will was valid as an olographic instrument, they declined to take it.

It is also urged that error was committed in admitting the depositions of Mrs. Hereford and Mrs. Dalton in evidence, because, as alleged, it was not shown as a preliminary fact that those persons resided out of the county where the cause was being tried.

But the appellants cannot now be heard to take advantage of such omission, if any there was, because when counsel for the respondent offered himself to be sworn as a witness to prove the fact that those ladies were not residents of the county of the place of trial, and made an oral statement of such fact upon his own knowledge, the formers' attorney replied, "I will take your word for it; you need not be sworn."

Of the letters offered in evidence by contestants, one of which was admitted, and the others excluded, the latter were not pertinent to any issue raised by the pleadings, and the action of the court in the premises was proper.

But even had they been admitted, they could have had no possible influence upon the determination of the issues in the contest, or upon the action of the court in admitting the will to probate.

It is also claimed that the will was invalid because made and executed by the testator anterior to the time when section 1277 of the Civil Code became operative. But that person did not die until the statute referred to had gone into effect; hence the point made is without merit. (1 Redfield on Wills, 409, notes 30, 31; *Bishop* v. *Bishop*, 4 Hill, 139; *De Peyster* v. *Clendining*, 8 Paige, 295; *Estate of Barker*, Myrick's Prob. Rep. 78, 79.) The orders appealed from should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the orders are affirmed.

Hearing in Bank denied.