## NEWPORT.

### MARIA B. LANGLEY *vs.* JOHN B. LANGLEY.

Pub. Stat. R. I. cap. 182, §§ 4, 8, requiring wills to be attested and subscribed by two or more witnesses, is a prospective statute relating to proof, and operates at the time of the testator's death and not at the time of the execution of the will.

Hence, where a foreign will was executed October 17, 1872, and attested by only two witnesses, at which time the law of Rhode Island provided that a will should be attested and subscribed by three or more witnesses, and the testator died August 2, 1873, at which time the law of the State had been changed so as to require only two witnesses to a will:

*Held*, that the will having been executed in accordance with the law in force here at the time of the testator's death, it was properly admitted to probate here, and was effectual as a will in this State.

DEFENDANT'S petition for a new trial.

*Providence, June 22, 1894.* STINESS, J. This petition for a new trial is based upon exceptions to a ruling in the Common Pleas Division, upon the following facts: The plaintiff sued in trespass and ejectment to recover one undivided fifth

part of a lot of land in Newport which formerly belonged to her husband George Wey Langley.   Mr. Langley was a resident of New Zealand where he made his will October 17, 1872, in which he gave all his property to the plaintiff.   At that time the law of this State provided that a will should be attested and subscribed by three or more witnesses "or else shall be utterly void and of no effect."   The will in question was attested by two witnesses, but at the time of the death of the testator, August 21, 1873, the law of this State requiring three witnesses had been changed so that two witnesses only were required.   The will was admitted to probate in New Zealand, September 5, 1873, and a duly authenticated copy of the probate was filed and directed to be recorded in the registry of the Court of Probate of the City of Newport, February 20, 1893.   At the trial of this case the record of the will and probate was admitted in evidence, to which ruling the defendant excepted.   His claim is that as the will was not attested by three witnesses, as required by the law of this State at the time of its execution, it is, in the words of the statute, "utterly void and of no effect."

Pub. Stat. cap. 183, §§ 6 to 10, inclusive, provide for the record of foreign wills, with the same effect as in cases of original probate in this State ; but section 10 says :   "Nothing in the preceding four sections shall be so construed as to make valid any will that is not executed, subscribed and attested according to the law of this state."   In *Lapham* v. *Olney*, 5 R. I. 413, it was held that these provisions left the question of the validity of a foreign will, arising out of its mode of execution, unaffected by the provision for filing and recording it.   The will in that case was held to be valid as to personalty and invalid as to realty in this State.   The question then comes whether our law in regard to attestation is to be construed to relate to the time of the execution of the will or to the time of the death of the testator, from which time a will ordinarily speaks.   Upon this question the decided cases are few and adverse, and the statements of principle by text writers are equally at variance.   For example, Mr. Schouler says :   "In general the legality of the

execution of a will should be judged of by the law as it was when it was executed and not as it was at the death of the testator." Schouler on Wills, 2d ed. § 11. Judge Redfield says : "Upon general principles there would seem no question that the validity of a will should be determined by the law in force when the instrument becomes operative." 1 Redfield on Wills, 3d ed. * 406, § 30 a 17.

The question is evidently open for a decision on principle. Several cases are cited in support of the rule relied on by the defendant and as stated by Mr. Schouler. We may remark in passing, that English cases throw very little light on this question, because prior to the. statute, 1 Vict. c. 26, no witnesses were necessary to a will of personal estate, while the Statute of Frauds, 29 Charles II. cap. 3, § 5, required three witnesses to a devise of land ; and the former statute repealing so much of the Statute of Frauds as related to wills, expressly excepted from its operation all wills previously made. In this country two classes of cases have arisen under changes in the law, one class involving the question of the disposition of the property, and the other class involving only the validity of the will by reason of its manner of execution. Thus, in *Mullock* v. *Souder*, 5 W. & S. 198, the question was whether real estate acquired after the execution of a will, which would not pass under it by the law as it then stood, should be held to pass by reason of a change in the law before the death of the testator. It was decided that a retroactive construction should not be given to the statute so as to affect a disposition of property and to make a will pass more than it purported to pass when made. In *Mullen* v. *McKelvy*, 5 Watts, 399, it was admitted that the execution of the will must be judged by the law as it stood at the time of the execution and not at the time of the death of the testator, and so the rule was not considered. In *Gable* v. *Daub*, 40 Pa. St. 217, the subject was considered at great length, and numerous authorities were examined, with reference to the question of after acquired property with the same result as in *Mullock* v. *Souder*. See also *Battle* v. *Speight*, 9 Ired. (N. C.) L. 288. *Taylor* v. *Mitchell*, 57 Pa. St. 209,

turned upon the provision of an act of 1855 that no estate, real or personal, *shall hereafter* be bequeathed, devised, &c., and it was held that the statute did not include a will previously made.

We do not question the soundness of the principle followed in these cases that, as the intention of the testator is the controlling element in a will, the disposition of his property should not be affected by the retroactive construction of a law which does not expressly require it.

But the disposition of property by will has always been held to be within the scope of legislative action. A notable instance of this is to be found in the numerous statutes providing that after acquired property may pass by a will, if such an intention appears, and in such cases the law applies to wills previously made. *Cushing* v. *Aylwin*, 12 Met. 169 ; *Pray* v. *Waterson*, ib. 262 ; *Church* v. *Warren Manuf. Co.*, 14 R. I. 539. This has also been held with reference to lapsed devises and to trusts. *Bishop* v. *Bishop*, 4 Hill, 138 ; *DePeyster* v. *Clendenning*, 8 Paige, 295. Hence, it appears that a rule making a will depend in all respects upon the law in force at the date of its execution is neither necessary nor universal. A definite line is evident between cases which touch the act of the testator and those which touch only the policy or demands of the law. In the former cases the law is not construed to retroact so as to make a man do what he did not mean to do; and, without noting this plain line of distinction, the rule of retroaction has been taken over and applied to cases of the latter kind. Many times, perhaps, this has effectuated the testator's intention, but as to the point before us such a consideration is wholly out of place. The two strong cases in favor of the defendant's claim are *Giddings* v. *Turgeon*, 58 Vt. 106, and *Lane's Appeal*, 57 Conn. 182 ; and the opinion in the latter case is a very full and able review of the subject. Both these cases involve the attestation of a will under a change in the law. We have very high respect for both these learned courts, but we think they have evidently misapplied the principle which has very properly been recognized in the cases cited above. The stat-

ute relating to witnesses is purely probatory. Its purpose is to insure the identity of the writing produced as the will of the testator and so to prevent fraud. Whether there be three or two witnesses, or even none at all, neither alters the disposition of the property, nor changes the act or intention of the testator. It is simply a question of policy in regard to the amount of proof which should be required, and affects no vested rights. A statute which makes a new rule of proof acts prospectively and with reference to the time when proof is to be made. But both these cases were based upon the opinion that the recognition of the wills would make the statute retrospective in its operation, for the reason that a will operates as a conveyance and hence must be valid at its date. To some extent this is doubtless true, and the time of execution may become an important fact, but it is so only in cases which bear directly upon the nature or extent of the devise, and even in these cases the right of the legislature to extend its effect to after acquired property is now beyond question. A statute relating to witnesses for the purposes of probate does not affect the quality of a devise, nor relate back to the execution of a will, but operates under the familiar principle that rules of evidence are at all times subject to modification and control by the legislature, and that changes thus made may be applicable to existing causes of action. *Howard* v. *Moot*, 64 N. Y. 262. And thus it has been held in *Estate of Learned*, 70 Cal. 140 ; *Hargroves* v. *Redd*, 43 Ga. 142, and *Wakefield* v. *Phelps*, 37 N. H. 295, that a will takes effect at the death of the testator, and its validity depends upon the law as it then stands.

Notwithstanding the fact that the provision relating to witnesses stands in our law in the section relating to the execution of a will,[1] we think that the implication of the whole

---

[1] Pub. Stat. R. I. cap. 182, § 4, as follows :

SEC. 4. All devises of any lands, tenements or hereditaments shall be in writing and signed by the person devising the same, or by some person in his presence and by his express direction, and shall be attested and subscribed in the presence of the devisor by two or more witnesses or else shall be utterly void and of no effect.

statute is that the provisions relating simply to the execution are intended to operate at the time of the death of the testator, and not at the time of the execution of the will. Wills of personal estate are by our law, Pub. Stat. R. I. cap. 182, § 8, required to be executed in the same manner as wills of real estate, and yet wills of personalty are universally governed by the law at the death of the testator. *Lapham* v. *Olney*, 5 R. I. 413. Section 9 of the same chapter provides that a will of real or personal estate, made and executed in conformity with the law existing at the time of the execution thereof shall be effectual to pass such estate. No force can be given to this provision except as a saving clause to preserve wills, when there has been a change in the law; and such a saving clause clearly implies that without it the new law would control, and not the law at the time of execution. Cap. 183, § 11, is also confirmatory. When no subscribing witness is a resident of the State and no one opposes, and a will appears to be executed as required by law, the Court of Probate may admit the same to probate upon the evidence of the executor, if it is satisfied that it is the will of the deceased. This shows that the vital question is the identity of the will and not the fact of the manner of its execution.

Our conclusion is that the statute relating to witnesses is to be construed as a prospective statute relating to proof; that as the will in question was proved according to the law as it stood at the death of the testator, it was properly admitted to probate, and is effectual as a will in this State.

The defendant's exceptions must, therefore, be overruled.

*William P. Sheffield*, for plaintiff.

*Charles Acton Ives*, for defendant.