Wilson C. Packer, Appellant, and Lillie J. Hays *v.* Sharpley M. Packer, Mary O. Peterson, Olive Sampson and The Safe Deposit & Trust Company of Pittsburg, Guardian of Abram P. Hays and Flora B. Hays, Minors.

*Will—Execution of—Law at time of execution.*

The legality of the execution of a will must be judged of by the law as it was when it was executed, and not as it was at the death of testator.

*Will—Execution of—Married women—Act of June 3, 1887.*

A holographic paper purporting to be the will of a married woman, executed without witnesses, prior to the act of June 3, 1887, P. L. 332, is not rendered valid by that act, which dispenses with attesting witnesses to the will of a married woman.

Argued Nov. 9, 1896. Appeal, No. 186, Oct. T., 1896, by Wilson C. Packer, one of the plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1896, No. 638, on verdict for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Issue devisavit vel non to determine the validity of a will, in which the devisees under the will were the plaintiffs, and the heirs at law of the testatrix were defendants. Before PORTER, J.

At the trial it appeared that on July 26, 1886, Electa Packer, a married woman, executed a paper purporting to be her will, without attesting witnesses. Mrs. Packer died on February 18, 1895.

The court charged in part as follows:

[The mere fact that the woman wrote the will, and that her name is signed to it, is not sufficient to give it legal force. It was not executed in accordance with the law at the time it was executed.

An act of assembly was passed on the 3rd of June, 1887, which gave women power to make a will. After that time she could give this paper which she had written validity, which it

lacked before because of her disability, by republishing the will. And in such a case as that, in order to republish it and give that republication legal effect, under the facts and circum-' stances of this case, two witnesses, independently of each other, their testimony not depending on the testimony of each other, must be able to testify independently the facts which amount to a publication of the will; that is, a designation of this identical paper as the will. It need not necessarily have been by name, but such words as indicated at that time a state of mind from which the jury can find as a fact that the testatrix intended at the time that this paper should operate as a will, and in effect declared so. Now you will take the case and simply apply that rule.] [4]

Verdict and judgment for defendants. Wilson C. Packer appealed.

*Error assigned* among others was above instruction, quoting it.

*William H. Sponsler*, for appellant.—The validity of the execution of a will is to be determined by the law in force at the testator's death: Jarman on Wills, sec. 306 (*n*); 1 Redfield on Wills, (4th ed.) 408.

In our view the learned court below primarily fell into error by a failure to distinguish the difference, logically and historically, between the right or power to make a will and the mode by which it should be made: Audenried's Est., 4 Lanc. Law R. 405; Hamilton v. Flinn, 21 Tex. 713.

The writing, signing and attesting of a will are, of themselves, a sufficient publication of the same when a formal declaration is not required by statute: Bond v. Seawell, 3 Bur. 1775; Moodie v. Reid, 7 Taunt. 355; In re Hulse's Will, 52 Iowa, 662; Ray v. Walton, 2 A. K. Marsh. (Ky.) 71; Small v. Small, 4 Me. 220; 16 Am. Dec., 253; Cilley v. Cilley, 34 Me. 162; Osborne v. Cook, 11 Cush. 532; Black v. Ellis, 3 Hill (S. C.), 68; Dean v. Dean, 27 Vt. 746; Allen v. Griffin, 69 Wis. 529; 29 Am. & Eng. Ency. of Law, 176.

*A. V. D. Watterson* and *A. B. Reid*, with them *H. A. Miller*, for appellee. — A valid will made during coverture remains

valid, and does not have to be republished when the marriage
is dissolved: Thorndike v. Reynolds, 22 Grat. 32; Edwards v.
Schoeneman, 104 Ill. 278.

A republication means a reëxecution with all the formalities
required by law: Willock v. Noble, Law Rep. 7 H. of L. 580;
Fransen's Will, 26 Pa. 202.

Legality of the execution of a will must be judged of by the
law as it was when it was executed and not as it was at the
death of the testator: Mullen v. M'Kelvy, 5 Watts, 399; Mul-
lock v. Souder, 5 W. & S. 198; Kurtz v. Saylor, 20 Pa. 205;
Gable v. Daub, 40 Pa. 217; Taylor v. Mitchell, 57 Pa. 209;
Camp v. Stark, 81* Pa. 235; Lawrence v. Hebbard, 1 Brad. 252;
Audenried's Est., 4 Lanc. Law R. 405; Hamilton v. Flinn, 21
Tex. 713.

OPINION BY Mr. CHIEF JUSTICE STERRETT, January 4, 1897:

This issue devisavit vel non between the plaintiffs, claiming
as devisees of Electa Packer who died in October, 1890, and
the defendants, heirs at law of said deceased, presents the single
question of law, whether a holographic paper, purporting to be
the will of a married woman, but invalid at the time of its exe-
cution for want of witnesses, is validated by the act of June 3,
1887, dispensing with that requirement. As was correctly said
by the learned trial judge, there was no evidence whatever to
go to the jury on the question whether the paper was executed
in the presence of two witnesses, as required by the law, as it
was prior to the passage of the act of 1887, and hence the paper
in question had to stand or fall under the provisions of that act.
As recognized by this court, from Mullen v. M'Kelvy, 5 Watts,
399, to Camp v. Stark, 81* Pa. 235, the rule relating to the
proper execution of a will is that it "must be judged of by the
law as it stood at the time of its execution, and not at the time
of the death of the testator." It was accordingly held in Tay-
lor v. Mitchell, 57 Pa. 209, that a charitable bequest in a will
attested by a single witness, prior to the act of April 26,
1855, was good at the death of the testator after that date,
although that act required two subscribing witnesses. Speak-
ing for the court in that case, Mr. Justice SHARSWOOD said:
"When a testator makes a will, formally executed according
to the requirements of the law existing at the time of its execu-

tion, it would unjustly disappoint his lawful right of disposition to apply to it a rule subsequently enacted though before his death.    While it is true that everyone is presumed to know the law, the maxim in fact is inapplicable to such case; for he would have an equal right to presume that no new law would affect his past act, and rest satisfied in security on that presumption. . . . It is true that every will is ambulatory until the death of the testator, and the disposition made by it does not actually take effect until then.    General words apply to the property of which the testator dies possessed, and he retains the power of revocation as long as he lives.    The act of bequeathing or devising, however, takes place when the will is executed, though to go into effect at a future time."

It was held in Mullock v. Souder, 5 W. & S. 198 that section 10 of the act of April 8, 1833, which provides that real estate acquired by a testator after the date of his will shall pass by a general devise, does not apply to a will made prior to its passage.    In Kurtz v. Saylor, 20 Pa. 205, it was decided that the will of a married woman, invalid for want of authority from her husband under the Wills Act of 1833, was not validated by the act of 1848, passed during her lifetime.    That case is followed in Gable's Executors v. Daub, 40 Pa. 217.    In Camp v. Stark, 81* Pa. 235, the principle of these cases was applied to the competency of witnesses to a will; and it was there held that a witness incompetent at the execution of a will was not made competent by the Enabling Act of 1869.    This is now the well settled rule as to the competency of attesting witnesses in this country as well as in England: 29 Am. & Eng. Ency. of Law, 238.

Applying these principles to the case at bar, it is very evident that the rulings of the learned trial judge were substantially in accordance therewith; and there appears to be nothing in the record that would justify a reversal of the judgment.    In Lane's Appeal, 57 Conn. 182, substantially the same question was decided, in same way, largely on the authority of Taylor v. Mitchell, supra.    Lawrence v. Hebbard, 1 Bradford 252, and Hamilton v. Flinn, 21 Texas, 713, relied on by the plaintiffs, were decided upon the peculiar wording of their statutes. Neither of the specifications of error is sustained.

Judgment affirmed.