(35 South. 381.)

No. 15,024.

STATE ex rel. CAVIGNAC v. AUCOIN, Judge.

(Nov. 16, 1903.)

CRIMINAL LAW—FUGITIVE FROM JUSTICE—IDENTITY OF ACCUSED—JUDGMENT—REVIEW BY CERTIORARI—PROHIBITION—RETURN OF SHERIFF.

1. On a hearing before the judge of the Second city criminal court of New Orleans under an affidavit made before him charging a certain named person who had been arrested under the affidavit with being a fugitive from justice from the parish of Calcasieu, charged with the crime therein, evidence was adduced as to the identity of the person arrested. The judge, being satisfied as to his identity, ordered the accused to be placed in the custody of a deputy sheriff from Calcasieu, present in court, holding a warrant for his arrest, and this was immediately carried into effect.

Held, that the sufficiency of the evidence as to the identity of the party arrested, upon which the judge acted, could not be reviewed on a writ of certiorari.

Held, also, that the judge of the city court was not called upon, under the circumstances of the case, to make any greater examination than he did, and was warranted in ordering the accused to be placed in the custody of the deputy sheriff holding a warrant for his arrest.

2. The deputy sheriff, having custody of the accused under a warrant of arrest from Calcasieu, could not be reached through a writ of prohibition. He was not a party to the proceedings in and not an officer of the city court.

3. It is not made a condition precedent to the right of a deputy sheriff holding a warrant for the arrest of a person charged with the commission of a crime in the parish of the magistrate issuing the warrant to arrest the party charged in another that he should have first complied with the provisions of section 1085 of the Revised Statutes of 1876 as to making a return on a copy of the warrant of arrest, still retaining the original warrant.

(Syllabus by the Court.)

Application by the state, on the relation of Joseph Cavignac, for a writ of certiorari, mandamus, and prohibition to A. M. Aucoin, judge of the Second criminal court of the parish of Orleans. Writ denied.

See 110 La. 959, 35 South. 141.

John Quincy Flynn and Thomas Donovan Flynn, for relator. Respondent Judge (Henry Mooney, Asst. Dist. Atty., of counsel), pro se.

Statement of the Case.

NICHOLLS, C. J. Relator averred: That he is defendant in the suit entitled "State of Louisiana v. Joseph Cavignac," No. —— of the docket of the Second city criminal court of New Orleans, La., in which he is charged with being a fugitive from justice from the parish of Calcasieu, where it is alleged he is charged with breaking the seals of a box car and with grand larceny.

That on the 2d day of October, 1903, he was brought before the Honorable A. M. Aucoin, judge of the Second city criminal court of New Orleans, and by said judge turned over to P. Hebert, deputy sheriff from the parish of Calcasieu, in whose custody he now is.

Relator alleged that he was turned over to said sheriff without any identification.

(2) That the warrant produced by said sheriff for the arrest of relator was of no legal effect in the parish of Orleans, because said sheriff declared under oath that no return had ever been made to the officer from

whom it issued within the 10 days required by law, which return is a condition precedent to the execution of the writ outside of the parish from which it issued.

(3) That relator was charged and held with being a fugitive from justice from the parish of Calcasieu upon a charge of breaking the seals of a box car and grand larceny, and the warrant of the sheriff alleges the receipt of stolen goods found in possession of relator.

(4) Relator alleged that he had been turned over to the custody of the said sheriff without any examination; that under article 1019 of Wolff's Revised Laws he was entitled to an examination before the justice of the parish where found, and a discharge should such justice believe from such examination that he should not be put upon trial; that through his attorneys he insisted before such court upon such an examination, and that it was in open court refused to him.

That he had notified the judge of the Second city criminal court and the district attorney of his intention to apply for writs of certiorari, mandamus, and prohibition, and he had likewise notified to the sheriff his intention to apply for a writ of prohibition upon said sheriff.

He prayed that a writ of certiorari issue commanding the Honorable A. M. Aucoin, judge of the Second city criminal court of New Orleans, to send up to the honorable court a certified copy of all proceedings had in the cause hereinbefore mentioned, and that upon due hearing a writ of mandamus issue, commanding said court to proceed to an examination of relator as required by law, and likewise that a writ of prohibition issue prohibiting said judge from turning over to the custody of said sheriff the body of relator until such examination is granted, and until said sheriff shall exhibit legal warrant for relator's arrest, and identification of relator. And, further, that a writ of prohibition issue prohibiting the sheriff from Calcasieu parish, Paul Hebert, from removing from this parish relator until he shall have had an examination before the above court, and until said sheriff shall produce legal warrant for and identification of relator. And relator further prayed that in the meantime all proceedings be stayed.

On reading this application the respondent judge was ordered to send up the record, and to show cause why the other writs asked for should not be granted, and a stay of proceedings was granted until further orders.

The record was sent up as ordered. The judge returned that the first and fourth grounds of complaint set forth in relator's petition were questions of fact, which were fully and completely set forth in the duly certified record and testimony of the cause filed and taken in the Second city criminal court for the parish of Orleans.

That by the testimony of Detective J. W. Reynolds and that of Deputy Sheriff Charles Hebert respondent was satisfied that the Joseph Cavignac arrested by the said Reynolds was the person for whom the said Hebert held and exhibited a legal warrant, and that said examination as to the identity of the relator, Joseph Cavignac, was such an examination as is contemplated in section 1019 of the Revised Statutes of the state of Louisiana.

"In this connection respondent averred that he so believed because of the words contained in section 1085, Rev. St. 1876, viz.: 'And it shall be the duty of the officer holding the warrant of arrest to pursue the accused into any parish in this state, and there to arrest him, under such warrant, and where the arrest is made out of the parish from which the warrant is issued, the prisoner is to be conveyed to the parish where the writ issued, for examination or imprisonment.'

"Relator's second ground of complaint had no bearing on the proceedings herein had in the Second city criminal court for the parish of Orleans, because it merely directs the sheriff or other officer how to make his return on warrants for arrest in certain cases, and is not a condition precedent to the animation of the warrant, 'as claimed by relator, but merely a means by which the said officer can make a return, and still retain the original warrant of arrest. Under the provisions of this law (Rev. St. 1876, § 1085) the original warrant remains in the hands of the officer whose duty it is to make the arrest, and without any enforcement or alteration whatsoever 'it is sufficient warrant to make the arrest in any parish in the state.'

"Relator's third ground of complaint is that the affidavit filed against him in the Second city criminal court of Orleans charged him with being a fugitive from justice, and

further alleged that the crime said to have been committed in the parish of Calcasieu 'was breaking the seal of a railroad car,' and (2) larceny, 'whereas the warrant of the deputy sheriff stated the charge then pending against him to be receiving stolen property,' etc.

"There is no such thing under the laws of Louisiana as extradition between the parishes, and this entire cause is rather in the nature of an arrest, with the consent of the court in the custody of which the prisoner is found, by a duly authorized official of a sister parish; and while respondent believed that the accused should, whenever possible, be informed of the crime for which he is wanted in another parish at the time of his arrest here, an honest mistake in this regard, especially where, as in the instant case, it grows out of the same transaction, was no legal complaint."

### Opinion.

The proceedings before the judge of the Second city criminal court for the parish of Orleans in this particular matter originated in an affidavit made on the 22d of September, 1903, before him by one J. W. Reynolds, a detective in the office of the chief of police in New Orleans, to the effect that from information received, one Joseph Cavignac, at Lake Charles, La., did on the 10th day of June, 1893, break the seal of a box car of the Southern Pacific Company, and did at the same time steal and carry away three barrels of whisky, one case of shoes, three cases of tobacco, and five cases of antiseptic, the property of the S. P. R. R. Co., and that said Joseph Cavignac was a fugitive from Lake Charles, and wanted in Lake Charles.

The relator was arrested by Reynolds, and taken before the judge of the Second city criminal court. On the 20th of October, 1903, the case was taken up for examination before the city judge, and testimony contradictorily with the state represented by an assistant district attorney and the defendant by his counsel. The examination resulted in an order directing Reynolds, who had the accused in custody, to place him in the custody of a deputy sheriff (from the parish of Calcasieu, in which Lake Charles is situated) there present with a warrant for his arrest, and this order was immediately executed. This application was subsequently made.

Neither the warrant nor a copy of the warrant for arrest held by the deputy sheriff for the parish of Calcasieu is in the record.

Relator first complains that he was turned over to the sheriff without any identification. There was evidence taken on that subject before the magistrate, which satisfied him upon that point. Relator did not attempt to contradict or dispute this testimony, nor does he urge even that now affirmatively he was not the party charged.

Whether the magistrate correctly decided the matter on the evidence adduced is not for us to pass upon on the present application on certiorari.

The second ground of complaint is that he was charged and held before the city court with being a fugitive from justice from the parish of Calcasieu upon a charge of breaking the seal of a box car and grand larceny, and the warrant of the sheriff alleges "the receipt of stolen goods found in relator's possession."

The accused was not before the Second city criminal court for the parish of Orleans for the purpose of investigation as to a crime alleged to have been committed in the parish of Orleans within the jurisdiction of the criminal district court for that parish. The action taken was simply for the purpose of the arrest and temporary detention of the accused on a charge made of a crime having been committed by the accused in the parish of Calcasieu, from which parish he was alleged to be a fugitive from justice.

In Clark's Criminal Procedure, p. 75, it is stated that "in some states it is held that as the complaint or affidavit made for the purpose of procuring an arrest is merely for the purpose of satisfying the magistrate that a crime has been committed, and that there is probable cause to suspect the accused, and if it is defective it will not invalidate the subsequent examination and commitment of the accused; that the accused can only avail himself of defects therein before his examination and commitment; that it has also been held that if upon the examination it is found that the accused is probably guilty of an offense other than that charged in the complaint, he should not for that reason be discharged. It is the duty of the

magistrate to commit him for the trial for the offense disclosed by the evidence; that, even when a complaint is essential, yet where it is insufficient because it fails to charge an offense, or because it does not charge the particular offense of which the accused is probably guilty, or for any other reason, the magistrate is not bound to discharge him, but may hold him until a new complaint is made. In some states the complaint made for the arrest and examination of the accused is of no force after the warrant of arrest is issued. The examination is had upon the warrant, and not upon the complaint."

These remarks are evidently directed to proceedings taken before a magistrate in respect to a crime alleged to have been committed within his own parish. They receive additional force under the circumstances disclosed in this special· proceeding.

The third complaint of relator is that he was "turned over to the custody of said sheriff (of Calcasieu parish) without any examination; that under section 1019 of Wolff's Revised Laws he was entitled to an examination before the justice of the parish where found, and a discharge should such justice believe from such examination that he should not be put upon trial; that through his attorney he insisted before such court upon such an examination, and that it was in open court refused him."

There was an examination made in the matter by the magistrate, which resulted in his reaching the conclusion that relator should be placed upon trial. It is true the examination did not proceed to the extent which the accused thought it should, but, in our opinion, the examination under the special circumstances went as far as relator could legally claim. At the time of the examination there was legally present before the magistrate a deputy sheriff of the parish of Calcasieu, holding a warrant for the arrest of the accused for a crime alleged to have been committed by him in that parish. With that fact established before the judge of the city court, it was not his duty nor his province to examine into the merits of the case, or review the action of the court or magistrate ordering the arrest. The magistrate in New Orleans had to presume that the proceedings in Calcasieu justified the is-

suing of the warrant. He was not called upon to make an examination into the facts beyond the points he did. It was for the authorities in Calcasieu to make that examination. Rev. St. 1876, § 1085.

We by no means announce that the deputy sheriff of Calcasieu parish, armed with a warrant for the arrest of the accused, could not have made the·arrest himself without calling into requisition the action of the authorities in the parish of Orleans. Rev. St. 1876, § 1085. That question is not involved here, and is not passed upon. We do not say that under some circumstances a magistrate in a particular parish, when a charge is made before him that a particular person, then in his parish, has committed in another parish some crime, may not have made before him a preliminary examination (strictly so called) and have the testimony in the case reduced to writing, and forwarded to the authorities of the place where the crime was charged to have been committed. We·simply say that he was not called upon, under the circumstances of this case, to have had such an examination made, and that relator could not require such an examination to have been made by the magistrate in New Orleans as a condition precedent to his permitting the warrant of arrest from Calcasieu being carried into execution.

The position taken by relator that a person charged with the commission of a crime in one parish, and with having become a fugitive to another parish from justice, has the legal right, under the circumstances disclosed by this case, to have a preliminary examination made in the latter parish, where in all probability none of the witnesses having knowledge of any of the facts could be found, before he could be taken back to the parish where the crime is alleged to have been committed, would be against public policy, would interfere with the proper administration of justice, and work out results in favor of parties accused of crime, which the Legislature could not be supposed to have ever intended or authorized. Hardship to an accused party might result in some particular case from having him taken back to the parish which he had left, but special cases must yield to what is called for by the general good.

Relator complains that the warrant produ-

ced for the arrest of relator by the deputy sheriff was of no legal effect in the parish of New Orleans because said sheriff declared under oath that no return had ever been made to the officer from whom it issued within the 10 days required by law (section 1085, Rev. St.), which was a condition precedent to the execution of the writ outside of the parish from which it issued. The provisions of section 1085 were not enacted in the interest of parties accused of crime, nor was it intended by the General Assembly to make a return by the sheriff upon a "copy" of the "original" writ of arrest held by him a condition precedent to his executing the original writ of arrest, which he still retained in his hands. The original writ had full force so long as he held it. Assuming that the sheriff could not make himself an arrest under it, he could certainly receive under it a prisoner who had been lawfully arrested by some other officer under another writ; and this was the case in the present instance.

Finding that there was as full an examination made by the respondent magistrate into the facts of this particular case as was called for by the law, and that there were no illegalities shown by the record sent up, we cannot declare these proceedings null under this application, for certiorari would not be justified in ordering the magistrate to make any further examination into this matter than he has already made.

The deputy sheriff from Calcasieu parish referred to in relator's petition was not a party to the proceedings before the magistrate. He simply took the relator into his custody, as he had the legal right to do under his writ of arrest, after the magistrate had announced what his conclusions were in the premises. He cannot be reached by a writ of prohibition, as is attempted herein. If he holds relator illegally under his writ of arrest, the latter had not had recourse, so far as he is concerned, to the proper remedy.

For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the order heretofore rendered herein be set aside, and plaintiff's application is hereby rejected and dismissed.

MONROE and PROVOSTY, JJ., concur in the decree.