(Court of Appeal, Parish of Orleans.)

MRS. MARY NULTY, Authorized, vs. L. E. JUNG & CO., ET AL.

Appeal from Civil District Court, Division "B."

E. K. Skinner; Gus. Lemle, for Plaintiff and Appellant.

McCloskey and Benedict, for Defendant and Appellee.

Cage, Baldwin and Crabites, for Defendant and Appellee.

It is settled jurisprudence that attorney's fees are not recoverable when no exclusive or distinct services are rendered in dissolving a writ of injunction, and where the dissolution of the writ is practically the result of a trial on the merits of the cause.

## ON REHEARING.

DUFOUR, J. Jung & Co., judgment creditors of Edward Nulty, seized under fi-fa certain property to which Mrs. Nulty by the usual affidavit made claim and for which she demanded an indemnity bond.

The same having been given, she sued out an injunction against the seizure, alleging the ownership and claiming damages.

After a hearing on the merits, her demand was rejected and the injunction was dissolved, and we affirmed that judgment.

On the application for a rehearing the complaint is for the first time made that attorney's fees were erroneously allowed.

The point, though tardily made, is well taken and must receive consideration.

It is settled jurisprudence that attorney's fees are not recoverable where no exclusive or distinct services are rendered in dissolving the writ, or when no motion to dissolve is separately tried and the trial of the injunction and the merits of the cause are practically one.

34 An., 344; 37 An. 182; 41 An. 412; 111 La. 59.

The acquiescence in the judgment suggested on motion to dismiss cannot affect the point, specially reserved by us in granting the rehearing, to-wit: Attorney's fees, and not acquiesced in.

Judgment amended by rejecting the allowance for attorney's fees, and, as amended, affirmed, appellee to pay costs of appeal and appellant those of the lower Court.