## No. 3834.

### (Court of Appeal, Parish of Orleans.)

## GLOBE REALTY CO., LTD., vs. MRS CAROLINA VIX, Widow A. COTONIO.

1. A judgment sought to be annulled can not be pleaded as res-adjudicata to the action of nullity.

2. In actions for the nullity of judgments for causes other than those specially enumerated in the Code of Practice, the party applying for relief must allege and show that he will sustain real injury; that this relief cannot be had on appeal; that he has not been guilty of laches or negligence; and in cases where false swearing on the part of witnesses is alleged as the ground of nullity, that the matters testified to and alleged to be false, were material and such as would, if truthfully testified to, have produced an opposite result on the merits.

3. As the Court, and not the party, is to judge of the absence of negligence the exercise of diligence, the materiality of the evidence and the injury sustained, the facts must be stated. It will not suffice to state them in general terms.

4. Exceptions of no cause of action admit only facts positively stated and not conclusions of law.

MOORE, J. This was a suit to annul a judgment.

Exceptions of no cause of action and of res-adjudicata having been interposed and maintained below, plaintiff appeals.

No evidence was administered to sustain the latter plea, but in no event could it have been maintained as it is the judgment which is sought to be annulled that is pleaded as res-adjudicata to the action of nullity.

Edwards vs. Edwards 29 A. 599; Anderson vs. Benham 40 A. 338; Lazarus vs. McGuirk 42 A. 194-199.

The exception of no cause of action, however, was properly maintained. That this exception may be the better appreciated we insert the original and supplemental petitions here.

The original petition is in these words:

"The petition of Mrs. Carolina Cotonio, defendant herein, with respect, represents.

That since the rendition of the judgment herein, petitioner has discovered that when F. Rivers Richardson did testify that the property here in dispute did not belong to him exclusively

and had not been put in the name of plaintiff herein for convenience; that said statement was false and untrue to the knowledge of the said Rivers Richardson, and that the said Rivers Richardson did falsely testify that A. O. Cunningham, Jno. M. Cunningham, Miss Alice E. Newman, Gustave Foster, Rufus E. Foster and Wm. H. Wright, had any interest in this suit; and that all of said testimony given by the said Richadrson was to the knowledge of said Richardson false and untrue.

; And the judgment obtained herein in favor of the Globe Realty Company was obtained through false swearing of the said F. Rivers Richardson, and his associates, which judgment could not have been obtained in favor of the said Globe Realty Company had said Richardson and his associates testified to the truth, the whole truth and nothing but the truth; and the said judgment should therefore be annulled.

Wherefore, the premises considered, petitioner prays that citation issue herein, and after due proceedings, that the judgment herein rendered on June 8th, 1904, and signed June 14th, 1904, be decreed null and void, as having been obtained by fraud and other ill practices, and that petitioner recover all costs, and for general relief.

The supplemental petition is as follows:

"That defendant in the action in nullity is about to execute the judgment which petitioner seeks to annul and has served upon petitioner a rule to have costs taxed.

That pending the final judgment to be rendered in the action in nullity proceedings on said rule, and the execution of the judgment sought to be annulled should be restrained and an injunction is therefore necessary. Wherefore petitioner prays that an injunction issue herein restraining the Globe Realty Company and the Civil Sheriff from proceeding on said rule to tax costs and executing the judgment herein rendered June 8th, 1904, and signed June 14th, 1904, upon petitioner furnishing bond in such an amount as the Court may fix.

Pretermitting the fact that these petitions vouchsafe no information as to the nature of the judgment sought to be annulled; and do not allege who the parties to the suit were;

or, against whom the judgment was rendered; or, whether the judgment was interlocutory or definitive; or, what property was in "dispute;" or, the nature and character of the "dispute;" or, whether Richardson's testimony was given in the suit in which the judgment was rendered, or in some other suit or proceeding, they are clearly defective in that they do not allege any fact, or facts, from which it may be ascertained that Richardson's alleged false testimony in any manner concerned, or affected, the issue in the suit in which the judgment sought to be annulled was rendered, or from which the injury to plaintiff and the absence of negligence and the exertion of diligence on her part, is made to appear.

In actions for the nullity of judgments for other causes than those specially enumerated in the Code of Practice, the cause alleged in this case not being among those so enumerated, the party applying for relief must allege and show that he will sustain real injury; that this relief cannot be had on appeal; that he has not been guilty of laches or negligence, and, in cases where false swearing on the part of witnesses is alleged as the ground of nullity, that the facts testified to and alleged to be false, were material and such as would, if truthfully testified to, have produced an opposite result on the merits.

A case must be exhibited where an execution of the judgment would be against good conscience and where a Court of equity in other of the States would interfere 3 A. 646; 11 La. 139; 6 A. 799; 31 A. 288 5 R. 523 23 A. 146-42 A. 69-201; 50 A. 593.

In the instant case there is not a fact alleged which indicates the materiality of the matter alleged to have been testified to by Richardson or which shows that plaintiff was injured thereby or which tends to establish the absence of negligence or the exertion of diligence on her part.

The bare allegation is made that the witness foreswore himself in the particular stated and that the discovery of the falsity of the testimony was made "since the rendiction of judgment herein."

It is contended that the allegation to the effect that: or the

272

judgment could not have been obtained in favor of the Globe Realty Company had said Richardson and his associates testified to the truth," must be regarded as an allegation of the materiality of the matter testified to and that for the purposes of the exception it must be accepted as true.

Exceptions of no cause of action admit only facts positively stated and not, as this allegation is, conclusions of law.

If the testimony ascribed to Richardson and characterized as false was material in its object and such as would have produced an opposite result on the merits if its falsity had been shown on the trial, it must so appear on the face of the petition by the allegation of specific facts, for it is for the Court, and not for the party, to judge thereof.

So also is it so as to the question of the absence of negligence and the exertion of diligence on the part of the party seeking the relief. The sole allegation as to these prerequisites to the relief sought, is that the discovery was made "since the rendiction of the Judgment herein." For all that appears to the contrary the "discovery" might have been made within the delays allowed by law for a new trial, in which event the failure of the plaintiff to urge same as a ground for a new trial, defeats her right to relief by direct action, because she is then guilty of laches and negligence.

There is a strong analogy between an action to annul a judgment and a motion for a new trial, and recurring to the provisions of our Code on the subject of New Trials we find the familiar rule that where the application is on the ground of the discovery of new evidence—which is practically the case here—the newly discovered evidence must be not only "evidence *material* to his suit," but such "which he could not with due diligence have obtained before," C. P. 560; and these the party applying for a new trial must verify under oath.

. In applying these rules it has been repeatedly held that:

"Affidavits of discovery are to be received with great restriction. They must state the nature of the evidence; if parol the names and competency of the witnesses, and clearly and certainly what they will prove; and if written, where it was

273

found. The Court, and not the party is to judge of the diligence used and the materiality of the evidence." Hen. Dig. Vol. 11 P. 989, No. 1, Verbo. New Trial.

"A party must show clearly the discovery since the trial, and that he used every effort and diligence in his power to procure the necessary evidence before. If his vigilence be left in doubt his application must fail." Ibid No. 6.

"An Affidavit of discovery must show not only due diligence, but the competency and materiality of the evidence. Ibid P. 990 No. 13.

The plea of no cause of action was properly maintained and the Judgment appealed from is affirmed.

April 2, 1906.

## ON REHEARING.

1. Where an injunction is sued out to arrest the execution of a judgment which is in part, a monied judgment, the statutory damages are properly allowed upon dissolution of the writ.
2. Where the dissolution of the writ is brought about on a motion to dissolve, damages by way of attorney's fees may be awarded.
Former opinion and decree adhered to.—

MOORE, J. A rehearing was granted in this cause on the question of damages only.

During the argument on rehearing the admission was made at the bar of this Court by appellant's counsel that the Judgment which is described in the petition simply as a "Judgment rendered on June 8th, 1904, and signed on June 14th, 1904," the execution of which was enjoined by appellant, is in part, a monied judgment.

In this event the statutory damages were properly allowed.

So also were the attorney's fees properly allowed, forasmuch as it appears that the injunction was dissolved on motion and not as the result of the trial of the cause on the merits.

Where exclusive and distinct services are rendered in dismissing the writ the allowance of attorney's fees as damages is warranted. 36 A. 344; 37 A. 182; 41 A. 412-111 La. 59.

It is therefore ordered, adjudged and decreed that our form-

274

er opinion and decree be and the same is hereby reinstated and declared to remain in full force and effect.

May 14, 1906.

Writ refused by Supreme Court, June 25, 1906.