## Spain's Estate

*Richard W. Ledwith,* of *MacCoy, Brittain, Evans & Lewis,* for exceptant.

*Robert E. Steedle* and *A. Sidney Johnson, Jr.,* contra.

KLEIN, J., November 13, 1936.—Decedent executed a will, without attesting witnesses, on February 6, 1934, and died on July 20, 1935. The sole question to be determined here is whether a charitable bequest contained in the will, and invalid at the time of execution for lack of witnesses, was validated by the Act of July 2, 1935, P. L. 573, dispensing with the requirement of attestation.

The learned auditing judge held the charitable bequest to be void. This same conclusion was reached by Judge Van Dusen in Ferris' Estate, no. 1077 of 1936, and Nelis' Estate, no. 2366 of 1936, both unreported, and by Judge Marx in Meredith's Estate, no. 2329 of 1936, also unreported.

Every will is ambulatory until the death of the testator. The disposition made by it does not actually take effect until then. The rule that a will speaks as though executed immediately before the death of the testator relates to the effect and operation of the instrument. In order to determine the identity of legatees, however, or any other question of the testator's intention respecting factual matters, the will must be construed as of the date of its execution: Peterson's Estate, 242 Pa. 330 (1913) ; Miller's Estate, 323 Pa. 9 (1936) ; Solms' Estate, 253 Pa. 293 (1916). And it is well established that the legality of execution must be determined by the law as it was when the will was executed and not as it was at the date of testator's death: Mullen v. McKelvy, 5 Watts 399 (1836) ; Taylor v. Mitchell, 57 Pa. 209 (1868) ; Packer et al. v. Packer et al., 179 Pa. 580 (1897).

We are of opinion that this case is controlled by the principles enunciated in Packer et al. v. Packer et al., supra. That case held that a will executed by a married woman without attesting witnesses, prior to the Act of June 3, 1887, P. L. 332, was not rendered valid by the act, which dispensed with the requirement of attestation in the wills of married women.

Counsel for exceptant argues that since the Act of 1935, supra, reënacted clause 6 of the Wills Act of June 7, 1917, P. L. 403, unchanged but for the omission of the requirement of witnesses, it is to be read back into that act and construed as part of the original act. And since clause 26 of the original act provides that it is to apply to the wills of all persons dying on or after December 1, 1917, he contends that the operative date of the amendment must revert back to the date of the act amended and control the will under consideration. With this contention we cannot agree.

A statute should be interpreted to operate prospectively only, unless its language clearly indicates a different intention. Retrospective laws generally, if not universally, work injustice, and retrospective operation will be recognized by the courts only when the mandate of the legislature is imperative: Taylor v. Mitchell, 57 Pa. 209 (1868).

This same rule applies to the interpretation of amendatory statutes. Although exceptant's contention that those portions of an earlier statute reënacted unchanged in a later act operate not from the date of the amending act but from the date of the original act is true, an amendatory act which substantially changes existing law must be scrutinized with the same care as an original act to ascertain the legislature's intention with respect to its effective date. To hold otherwise would be to disregard rights which have accrued under the original act.

If exceptant's argument were carried to its logical conclusion we should be required to apply the present amendment to the wills of all persons who died after December

31, 1917, even if such persons died before July 2, 1935, the date upon which the amending act was approved by the Governor. Such a literal construction would clearly be unconstitutional and contrary to the legislature's intent.

Statutes cannot be construed with the precision and literal exactness of mathematical formulæ. They must be studied by the courts in the light of all the surrounding circumstances to ascertain the legislature's intent. And, in this case, we cannot overlook the fact that the legislature must have considered, at the time the amendment was passed, that many wills had been made, subsequent to the passage of the Wills Act in accordance with the provisions of that act.

We fail to see anything in the Act of 1935 to indicate that the legislature desired to change the well-intrenched rule of law that the legality of the execution of a will is to be determined by the law existing at the date of its execution. We are of opinion that the legislature intended it to apply only to wills executed after its enactment.

The exceptions are dismissed and the adjudication confirmed absolutely.