William Easby, trustee for Elizabeth J. Easby, *v.* Francis H. Easby and M. Ward Easby, executors of Mary A. Easby, Appellants.

*Ground rents—Personal liability of the assignee of the lessee—Acts of April* 25, 1850, *and June* 12, 1878.

The Act of April 25, 1850, P. L. 571, gave to the owner of a ground rent the right to bring covenant against the assignee of the lessee for rent accruing during his title, but this right was taken away by the Act of June 12, 1878, P. L. 205, unless the grantee of the land had by agreement in writing or words in the deed of conveyance assumed a personal liability for the rent.

Argued Feb. 9, 1897. Appeal, No. 584, Jan. T., 1896, by defendants, from judgment of C. P. Delaware Co., Dec. T., 1895, No. 149, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, and FELL, JJ. Reversed.

Assumpsit for ground rent. Before BRÉGY, J., of the first judicial district, specially presiding.

At the trial it appeared that William Easby, the plaintiff, for about thirty years prior to 1890, owned the property out of which the ground rent issued, and occupied it as a place of residence. On July 22, 1890, he conveyed the property, his wife joining in the deed, to Isaac W. Allyn, a "straw man," reserving to himself an annual rent of $360. On the same day Allyn conveyed the property to Mary A. Easby, plaintiff's wife, subject to the ground rent, and William Easby, the plaintiff, executed a declaration of trust of the ground rent in favor of Elizabeth J. Easby, his daughter. No change whatever was made in the occupation of the premises, the plaintiff still retaining it as his

residence.  The evidence did not show that any demand was made upon Mary A. Easby for ground rent during her lifetime. After her death, which occurred on August 27, 1895, plaintiff commenced this suit to recover ground rent which accrued from the time of its creation to the death of Mary A. Easby.  The court gave binding instructions in favor of the plaintiff.

Verdict and judgment for plaintiff for $1,800.  Defendants appealed.

*Errors assigned* among others were (2) in instructing the jury to find in favor of the plaintiff; (4) in not instructing the jury to find for the defendants.

*Horace L. Cheyney*, for appellants.—The Act of June 12, 1878, P. L. 205, is explicit and conclusive that there is no personal responsibility on the part of the estate of Mary A. Easby. The ground and the original covenantor are alone liable.

*W. B. Broomall*, for appellee.—The act of April 25, 1850, was designed to give an action of covenant for rent reserved by deed which had not been sealed by the grantee : Louer v. Hummel, 21 Pa. 451.

Prior to the act of 1850, the grantee of the lessee was liable for ground rent in the same manner as the lessee or original grantee was : Royer v. Ake, 3 P. & W. 464.  That act gives the action of covenant for ground rent against the assignees or lessees whether the premises be held by deed poll or otherwise : McQuesney v. Hiester, 33 Pa. 440.

Covenants which attach or relate to the lands demised run with the land, and bind the assignee and the assignee of an assignee, the assignee, executor or heir, or devisee, or whoever is terre-tenant of the land under the demise, coming by assignment or act of law : Streaper v. Fisher, 1 Rawle, 160 ; Hannen v. Ewalt, 18 Pa. 9.

It cannot be doubted that by the 8th section of the act of April 25, 1850, an action of covenant lies against the assignee of the lessee for rent accruing during the title of such assignee : Smith v. Conrad, 11 W. N. C. 100.

OPINION BY MR. JUSTICE FELL, March 22, 1897 :

This action was brought against the executors of the grantee of the covenantor in a ground rent deed to recover the arrears

of rent which accrued during the time she held the title to the land. Several grounds of defense were presented at the trial, but none of them was based upon the Act of June 12, 1878, P. L. 205, nor was the attention of the court called to the act. The claim of exemption from liability based on the provisions of the act is now set up for the first time, but it is fairly raised by the second and fourth specifications of error.

Whatever doubt upon the subject may have existed before the passage of the Act of April 25, 1850, P. L. 571, that act gave to the owner of the ground rent the right to bring covenant against the assignee of the lessee for rent accruing during his title. This right against the grantee of real estate subject to ground rent is taken away by the act of 1878, unless the grantee of the land has by agreement in writing or words in the deed of conveyance assumed a personal liability for the rent. Sec. 1 of the act provides : " That grantee of real estate, which is subject to ground rent or subject to mortgage or other incumbrance, shall not be personally liable for the payment of such ground rent, mortgage or other incumbrance, unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance, stating that the grant is made on condition of the grantee assuming such personal liability ; Provided, that the use of the words ' under and subject to the payment of such ground rent, mortgage or other incumbrance ' shall not alone be so construed as to make such grantee personally liable as aforesaid."

There can be no doubt of the application of the act to the case before us, and it is conclusive against the right of the plaintiff to recover.

The second and fourth assignments of error are sustained and the judgment is reversed.