## Sachse *v.* Myers.

*Ground rent—Grantee's liability—Act of 1878—Under and subject.*

There can be no doubt of the application of the Act of June 12, 1878, P. L. 205, to the case of a grantee of land subject to a ground rent reserved in a deed executed since the passage of the act; and it is equally well settled that the act does not apply to the case of such grantee whose deed was executed before the passage of the act.   But, there is nothing in the words of the act to warrant the conclusion that, in an action by the ground rent owner against the owner of the land, the " under and subject " clause in a future grantee's deed was intended to be interpreted one way, if

the ground rent was created before the passage of the act and another way if created afterward.

*Ground rent—Subsequent to act of 1878—Creation by prior conveyance— Grantee's liability.*

The provision of the act of 1878 that the grantee of real estate which is subject to ground rent shall not be personally liable for the payment thereof, unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance stating that the grant is made on condition of the grantee assuming such personal liability, was intended to be prospective only ; therefore it does not apply to grantees, after the date of the act, of real estate subject to ground rent reserved before the act.

Argued Dec. 15, 1899. Reargued Oct. 2, 1900. Appeal, No. 196, Oct. T., 1899, by defendant, in suit of Julius F. A. Sachse, Executor, etc., Assignee, etc., against Simon S. Myers, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1899, No. 57, in favor of plaintiff for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by RICE, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

ESSENTIAL FACTS STATED BY THE SUPERIOR COURT.

This was an action of assumpsit brought by the owner of a ground rent against the owner of the fee to recover arrears of rent.   The ground rent was reserved in a deed dated July 1, 1846 and became vested in the plaintiff's testator on December 6, 1875.   The testator died on March 18, 1883.   On January 4, 1898, Joseph Schmitt conveyed the land to the defendant. The manner in which Joseph Schmitt acquired title is not stated, but it is alleged, and not denied, that the deed last mentioned vested the ownership of the fee in the defendant, and that he was the owner on September 13, 1899, the date of bringing suit.

The plaintiff's claim was for the six months' arrears of rent due January 1, 1898, and the three instalments falling due July 1, 1898, January 1, 1899, and July 1, 1899.

No personal covenant or undertaking of the defendant is alleged in the plaintiff's statement ; his allegation being, that " by reason of the premises and by force and virtue of the act of assembly in such case made and provided, the said defendant

425, (1900).]        Statement of Facts—Arguments.

became liable to pay, and was in law bound to pay, to the said plaintiff the said ground rent which matured and fell due during the time that the said defendant was owner of said premises."

The defense is based on the provisions of the Act of June 12, 1878, P. L. 205, entitled, "An act to define the liability of grantees of real estate for the incumbrances thereon." The act provides as follows:

"Sec. 1. That grantee of real estate which is subject to ground rent or bound by mortgage or other incumbrance, shall not be personally liable for the payment of such ground rent, mortgage or other incumbrance, unless he shall, by an agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance stating that the grant is made on condition of the grantee assuming such personal liability: Provided, That the use of the words ' under and subject to the payment of such ground rent, mortgage or other incumbrance,' shall not alone be so construed as to make such grantee personally liable.

"Sec. 2. The right to enforce such personal liability shall not inure to any person other than the person with whom such an agreement is made, nor shall such personal liability continue after the said grantee has bona fide parted with the incumbered property, unless he shall have expressly assumed such continuing liability."

An order for reargument was made in which the questions for decision were stated as follows:

"1. Was the act of 1878 intended by the legislature to apply to a case where the ground rent was created prior to its passage and the land was conveyed subsequently thereto ?

"2. Would such construction impair any vested property rights of the ground rent owner and give the act an unconstitutional effect?

"3. Is the defendant liable for rent that had accrued prior to his purchase ?"

Judgment for plaintiff for $106.26.   Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Preston K. Erdman,* for. appellant.—The act of 1878 was

applied without qualification in a case where the rent had been reserved since the passage of the act: Easby v. Easby, 180 Pa. 429.

But it was held not to be retrospective, so as to protect one who was a grantee before the passage of the act: Merriman v. Moore, 90 Pa. 78. In such a case it was said that " the rights of the plaintiff below and the liability of the other party were fixed before the passage of the act:" Hopple v. Hutchinson, 44 W. N. C. 441.

The question in this suit is, whether the act applies to grantees after the act, of real estate subject to ground rent reserved before the act.

Aside from a previous decision of the court below only two cases have been found where these circumstances existed: Clay v. McCreanor, 9 Pa. Superior Ct. 433; Sergeant v. Fleckenstein, 9 Pa. Superior Ct. 557.

The effect of these cases would be to convict the court below of error.

The liability for ground rent is contractual only as to the original covenantor: Palairet's Appeal, 67 Pa. 479, 492. The liability of his grantees is "founded not upon privity of contract, but on privity of estate," and at common law the action thereon is " debt, and it barely sounds in contract:" Irish v. Johnston, 11 Pa. 483. And therefore the liability terminated with the ownership, even though the owner disposed of the estate by gift to an insolvent, for the sole purpose of escaping the liability: Wickersham v. Irwin, 14 Pa. 108; Hannen v. Ewalt, 18 Pa. 9.

It follows that no contract obligation, involved in this suit, was affected by the act of 1878. Was the plaintiff or his testator deprived of any vested right? His testator had a vested right in the ground rent, which entitled him to recover the rent from the covenantor, and also to distress, re-entry, and proceeding against the land. Under the laws then existing, he also had certain remedies to collect the rent by personal suit against grantees; one was given by the act of April 25, 1850, being after the ground rent was created; perhaps he also had a common-law action. The liability of the owner of the fee at the time of the act was fixed, and of course he could not be relieved without disturbing the vested right of plaintiff's testator to

hold him responsible. But the right of plaintiff's testator to hold future owners of the fee personally, was not vested. It was in expectation only, and depended, not only upon their assuming ownership by purchase or otherwise, but also upon the laws that might then govern the liabilities attending such assumption of ownership, and the remedies that would then be available to him: 6 Am. & Eng. Ency. of Law (2d ed.), p. 957.

There is no vested right in remedies, and the legislature may change or take away remedies, only so that an adequate remedy remains. Hence a law abolishing distress for rent has been sustained as applicable to leases in force at its passage: Cooley on Constitutional Limitations (6th ed.), 349; Van Rensselaer v. Snyder, 13 N. Y. 299; Guild v. Rogers, 8 Barb. 502.

Moreover, to regulate property and to modify its incidents are within the legitimate scope of legislation, and it is not a valid objection thereto, that it may disturb vested rights: Palairet's Appeal, supra; Grim v. School District, 57 Pa. 433; Biddle on Retrospective Legislation.

The case of Hollenberger v. Yaukey, 145 Pa. 179, was overlooked at the former argument. It sustains the appellant's whole contention and will doubtless rule the present case. It has all the features presented in the order for reargument.

As to the scope of the act, the act is entitled, "An act to define the liability of grantees of real estate for the incumbrances thereon."

In the case of mortgages, where the deed recited that the grant was "under and subject," there had just previously been considerable agitation and uncertainty as to the liability of the grantee: Peyton v. Samuel, 4 W. N. C. 105, reversed in Samuel v. Peyton, 88 Pa. 465. See also Moore's Appeal, 88 Pa. 450. The subject of the grantee's personal liability was being very much canvassed, and an implied liability was very much feared. The legislature deemed all such implied liability mischievous, and it was to cure this mischief that the act was passed. This will be well remembered, and is apparent from the act itself considered in connection with the case then recently decided in the lower court, and so much also may be inferred from the opinion of SHARSWOOD, C. J., in Moore's Appeal, supra, in which is said, among other things, "The act of assembly of June 12, 1878, P. L. 205, has very wisely provided that the

grantor (grantee) shall not be personally liable unless he shall expressly assume such liability by agreement in writing, or condition in the conveyance."

The act was accordingly drawn in the broadest terms to remedy the mischief as far as it was competent for the legislature to do. There was no reason for limiting the scope of the act, and no limitation was attempted. Of course it applies only to future cases; no statute will be interpreted to give it a retrospective effect unless it is expressly so drawn. This statute applies to all cases of future grantees " of real estate which is subject to ground rent."

It follows, therefore, that at the time of the passage of the act of 1878, plaintiff's testator, who was then the owner of the ground rent had no vested right to hold personally the defendant or any future grantee of the land out of which it was reserved, because:

1. There can be no vested right in an assignment not yet made.

2. The liability of the owner of land subject to a ground rent was a mere incident to the ownership.

3. The recourse which the owner of the ground rent had to the owner of the land was but a remedy; it was not among the rights reserved to him.

The act of April 26, 1855, P. L. 308 (statute of frauds) is similar in character. The owner of the ground rent had several other remedies, to wit: suit against the original covenantor (Knuckle v. Wynick, 1 Dall. 305), distress, re-entry, ejectment, and probably summary proceedings under the statutes for nonpayment of rent (McDermott v. McIlwain, 75 Pa. 341), —resort to proceeds of execution,— beside the proceedings against the property under the Act of April 25, 1850, P. L. 569, sec. 8, and the statute of 32 Henry VIII. c. 24. The act of 1850 was passed since the creation of the ground rent in the present suit, and was held to apply to pending cases because it operates on the remedy only: Taggart v. McGinn, 14 Pa. 155. Of course statutes affecting the remedy only, if a substantive remedy remains, are not unconstitutional: Biddle v. Hooven, 120 Pa. 221. In the latter case, the result of the statute was to make ground rent irrecoverable, when claim had not been made on account of it for twenty-one years.

4. It must not be lost sight of that the attitude of courts is not one of hostility to acts whose constitutionality is attacked. On the contrary, all the presumptions are in their favor, and courts are not to be astute in finding or sustaining objections: MITCHELL, J., in Sugar Notch Borough, 192 Pa. 349.

*Joseph R. Rhoads*, for appellee.—The case of Hollenberger v. Yaukey, 145 Pa. 179, relied on by appellant, does not seem to be in point at all. Neither the court nor counsel refer to Merriman v. Moore, or to Hopple v. Hutchinson. The manifest reason for this omission is, that the question decided in those cases and involved in the case at bar, was not before the court in Hollenberger v. Yaukey. A ground rent in Pennsylvania is an estate in the land as decided long ago in Ingersoll v. Sergeant, 1 Wharton, 337, and not merely a rent charge. This estate carries a vested right in the covenant running with the land which is recognized by the Supreme Court in Merriman v. Moore and Hopple v. Hutchinson, as a right which the legislature could not take away.

The legislature cannot be supposed to have intended to take away a right with which, under the constitution, it could not legally interfere.

With all his industry and learning counsel for appellant has not produced, and it is believed he cannot produce a decision reversing or contravening the decision of the Supreme Court in Merriman v. Moore and Hopple v. Hutchinson.

OPINION BY RICE, P. J., December 10, 1900 (after stating the facts and reciting the provisions of the Act of June 12, 1878, P. L. 205, and the provisions of the order for a reargument):

No point is made of the fact that part of the plaintiff's claim was for rent that had accrued prior to the date of the defendant's deed. It was admitted by his counsel at bar that he was the equitable owner during the six months prior to January 1, 1898, and we were asked to dispose of the case as if it appeared by the pleadings that he was the owner during all the period covered by the claim. Therefore, the third question suggested in the order for reargument need not be passed upon nor discussed.

There can be no doubt of the application of the act of 1878

to the case of a grantee of land subject to ground rent reserved in a deed executed since the passage of the act. This was decided in Easby v. Easby, 180 Pa. 429. It is equally well settled that the act does not apply to the case of a grantee whose deed was executed before the passage of the act: Merriman v. Moore, 90 Pa. 78; Hopple v. Hutchinson, 44 W. N. C. 441; Miller v. Kern, 7 W. N. C. 504. Whether or not it applies to the case of a grantee in a deed, executed since the passage of the act, of land which was subject to ground rent reserved before its passage is the first question to be decided in the present case.

It is urged that the construction given to the act in the case of Hollenberger v. Yaukey, 145 Pa. 179, rules this question in the affirmative. A careful examination of that case has led us to a different conclusion. There was scarcely room for dispute that the charge in favor of Samuel Foreman was merged in his title. There was a question, however, whether or not by the assignee's sale and subsequent conveyances it had not been resuscitated. As we understand the case it was more particularly with reference to the effect of these last mentioned proceedings, all of which were after the passage of the act of 1878, that Mr. Justice McCOLLUM was speaking when he said, that, " if a charge existed as claimed by the appellant, a sufficient answer to this action is found in the first section of the act," etc. We do not regard the case as establishing the general and unqualified proposition contended for by the appellant in the present case. We think the precise question for decision here is still open to discussion.

As its title indicates, the act relates to the personal liability of the grantee of real estate and, as properly construed in the cases cited, to such liability in future cases. It does not apply to cases where the rights of the owner of the incumbrance or ground rent and the liability of the grantee with respect to that incumbrance or ground rent were fixed before its passage. For, it is not to be supposed, in the absence of words that are susceptible of no other interpretation, that, if the grantee had in any lawful manner contracted or become personally bound, to pay the debt or rent, the legislature intended the act to have the retroactive effect of discharging him from the liability thus assumed. But we find nothing in the words of the act to warrant the conclusion that, in an action by the ground rent owner

against the owner of the land, the "under and subject" clause in a future grantee's deed was intended to be interpreted one way if the ground rent was created before the passage of the act and another way if it was created afterward. We see no reason, therefore, for qualifying our statement in Clay v. Mc-Creanor, 9 Pa. Superior Ct. 433, "that this clause of the deed" (executed after the passage of the act of 1878) "added nothing whatever to, and took nothing from, the rights or remedies of the ground rent owner. It was not a declaration or acknowledgment made to him or his agent, or which was intended to inure, or did inure by operation of law, to his benefit." This construction is in harmony with the ruling in Hollenberger v. Yaukey, supra. It gives the provision of the act relative to the under and subject clause in a deed executed after its passage a purely prospective operation and does not in any way impair the obligation of any contract or take away any vested right of the mortgagee or the ground rent owner.

Nor is it necessary in this discussion to notice the Act of April 25, 1850, P. L. 569, further than to say that it affected the remedy only, and, of course, it cannot be contended that the present owner of the rent or his predecessor in title has or had any vested right in a purely statutory remedy that was given after the ground rent was reserved.

But independently of any express assumption of liability by the assignee of the land, and independently also of the provisions of the act of 1850, what, prior to the act of 1878, were the rights and remedies of the owner of a ground rent reserved in a deed executed in 1846, and to what extent, if at all, have they been affected by the act of 1878? That a ground rent in Pennsylvania, which is a rent reserved to himself and his heirs by the grantor of land in fee is a rent service, was demonstrated in Ingersoll v. Sergeant, 1 Wh. 337, "a case which has been so often recognized and followed as to have become a rule of property:" Wallace v. Harmstad, 44 Pa. 492. The right thus created is a freehold having all the qualities of real estate: Streaper v. Fisher, 1 R. 155. Upon such a conveyance the grantor acquires an estate of inheritance in the rent and the grantee an estate of inheritance in the land: Irwin v. Bank, 1 Pa. 349. Out of this relation, because of the essential qualities of the estate or right reserved, and independently of any formal

personal covenant, arises a duty of the grantee in the convey-
ance to pay the rent as it accrues. This duty follows the title
through all its successive changes and devolves upon the as-
signee eo instanti he accepts the assignment and takes posses-
sion, or has the right of possession, there being no actual pos-
session by another. The covenant of the grantee in the ground
rent deed runs with the land and binds the assignee though not
named. Therefore, according to some of the earlier cases an
action of covenant could be maintained against the assignee in
such a case: Weidner v. Foster, 2 P. & W. 23; Royer v. Ake,
3 P. & W. 460. A different view as to the right to maintain an
action of covenant against one who had not sealed the deed was
expressed in Maule v. Weaver, 7 Pa. 329, and Irish v. Johnston,
11 Pa. 483, but in Hannen v. Ewalt, 18 Pa. 9, the doctrine of the
earlier cases was reasserted. But whatever, prior to the proced-
ure act of 1887, was the proper form of action for enforcing it, the
right reserved to the grantor in a ground rent deed to demand
the stipulated rent as a return for the actual or beneficial enjoy-
ment of the premises is a valuable right. It inheres in the
very nature of the estate reserved and has its inception at its
creation. It is impossible for the grantee in such deed to cur-
tail it by parting with his title or by agreement with his as-
signee, in which respect it differs from the right of survivorship
between joint tenants considered in Bambaugh v. Bambaugh,
11 S. & R. 191. If, in addition, there be an express covenant
by the grantee or grantees in the ground rent deed for himself,
his heirs and assigns, or, as in this case, "for themselves, their
successors and assigns," this is a "real covenant," a "perpetual
covenant," a "covenant running with the land." If the next
day or the next year the legislature were to declare that such
a reservation theretofore made and accompanied by such a
covenant should be restricted in its effect, so far as personal
liability was concerned, to the grantee in the deed, can it be
doubted that such a law would be retroactive? We think not.
It seems to us that it would curtail an existing right lawfully
reserved when the land was conveyed, a right which added
value to the estate created by the reservation, and would in
effect change the nature of the covenant. Granting, for the
sake of the argument only, the power of the legislature to enact

such a law, was it their intention to do so in the enactment of the law under consideration ?

Whatever the legislative power upon the subject may be, an intention to subvert rights of property, vested rights, should never be imputed to a statute unless indicated in such terms, having regard to all legitimate means of interpretation as admit of no doubt, but show a clear design to effect that particular and specific purpose: Endlich on Interpretation of Statutes, sec. 273. In the absence of such plain expression of design, it should be construed as prospective only, although its words are broad enough in their literal extent to comprehend existing cases : Sutherland on Statutory Construction, sec. 464. Retrospective laws generally if not universally work injustice, and ought to be so construed only when the mandate of the legislature is imperative. They ought not to be so construed "unless the language is so clear as to preclude all question as to the intention of the legislature:" Taylor v. Mitchell, 57 Pa. 209. This general rule of construction is so well settled that it is unnecessary to cite other authorities. We have express authority for saying that the act of 1878 is prospective only (Merriman v. Moore, supra; Hopple v. Hutchinson, supra); and, having come to the conclusion that the construction contended for in the exceptionally able argument of the appellant's counsel would give it a retroactive effect, we are not at liberty to adopt it.

Judgment affirmed.