# Smith v. Illinois Central Railroad Company, Appellant.

*Statutes—Construction—Retroactive action—Appeals—Costs—Printing paper-books—Act of April 15, 1907, P. L. 83.*

A statute is always to be interpreted so as to operate prospectively, and not retrospectively, unless the language is so clear as to preclude all questions as to the intention of the legislature.

The Act of April 15, 1907, P. L. 83, imposing upon the losing party the cost of printing the winning party's paper-book, is limited to appeals taken subsequent to the date of the approval of the act.

Argued April 29, 1908.  Appeal, No. 214, April T., 1908, by defendants, from order of C. P. No. 2, Allegheny Co., July T., 1902, No. 463, sustaining exceptions to bill of costs in case of J. W. Smith et al., trading as J. W. Smith & Company, v. Illinois Central Railroad Company.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Exceptions to bill of costs.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Roger Knox*, of *Hosack, Knox & Hosack*, for appellant.— The general principle seems to be that alterations in the procedure are always retrospective unless there be some good reason against it: Freeman v. Moyes, 1 Adolphus & Ellis, 338; Pickup v. Wharton, 2 Crompton & Meeson, 401; Grant v. Kemp, 2 Crompton & Meeson, 636; Wright v. Hale, 6 Hurlston & Norman, 227; Lane v. White, 140 Pa. 99; Kille v. Iron Works, 134 Pa. 225; Koch's Est., 5 Rawle, 338; Krause v. Penna. R. R. Co., 4 Pa. C. C. Rep. 60; Adair v. Decker, 34 Pa. Superior Ct. 153.

*Robert M. Ewing*, for appellees.—Retrospective laws generally, if not universally, work injustice and ought to be so construed only when the mandate of the legislature is imperative: Taylor v. Mitchell, 57 Pa. 209; Neff's Appeal, 21 Pa. 243; Fisher v. Farley, 23 Pa. 501; Sproul v. Standard Plate Glass Co., 201 Pa. 103; Sachse v. Myers, 15 Pa. Superior Ct. 425.

OPINION BY ORLADY, J., July 15, 1908:
The court below refused to allow, as part of the costs of the case, the amount expended for the printing of the paper-book of the appellant, in whose favor the final decision of this court was rendered.  The appeal was taken from the judgment of the court below on September 12, 1906.  The Act of 1907,

P. L. 83, was approved April 15, 1907. On May 13, 1907, the judgment of the court below was reversed by this court, and judgment entered in favor of the defendant non obstante veredicto.

The act provides, "That in all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order, to the Supreme or Superior Courts, the party in whose favor the final decision is rendered, shall be entitled to charge and collect from the losing party, as part of the costs, such an amount as shall have been expended for printing the paperbook upon said appeal. Said amount to be taken and collected in the same manner as costs are now taxed and collected by law."

But little need be said in regard to this question, inasmuch as the decisions of the Supreme Court are so plainly applicable thereto that mere reference to them must result in affirming the judgment of the court below.

Legislation which affects rights, will not be construed to be retroactive, unless declared so in the act; but, where it concerns merely the mode of procedure, it is applicable of course to litigation existing at the time of its passage: Lane v. White, 140 Pa. 99.

This was the conclusion of the Supreme Court in an action of foreign attachment, which was pending when the Act of May 10, 1889, P. L. 183, was passed, and the plaintiff having filed his statement of claim fifteen days thereafter, took judgment against the defendant in default of an appearance before the act was passed, and after the third term after the execution of the writ it was held that the act applied merely to the mode of procedure. Granting the power of the legislature to enact the statute, was it their intention to make this act retroactive? In the absence of such a plain expression of design, it should be construed as prospective only, although its words are broad enough in their literal extent to comprehend existing cases: Sutherland on Statute Construction, sec. 464.

Retrospective laws generally, if not universally, work injustice, and should be so construed only when the mandate of the legislature is imperative. They should not be so con-

strued unless the language is so clear as to preclude all question as to the intention of the legislature: Taylor v. Mitchell, 57 Pa. 209; Sachse v. Myers, 15 Pa. Superior Ct. 425.

There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature: Sproul v. Standard Plate Glass Co., 201 Pa. 103.

Inasmuch as the act does not in clear and unequivocal language declare that its provisions shall be applied to cases similar to the one before us, we feel constrained to hold that it is limited to appeals taken subsequent to the date of its approval.

The judgment is affirmed.