# Duff, Appellant, v. Thrall.

*Appeals—Costs—Printing paper-book—Act of April* 15, 1907, *P. L.* 83.
   The Act of April 15, 1907, P. L. 83, imposing the cost of printing the
paper-books on an appeal on the losing party, applies only to appeals
taken after the passage of the act.

Argued Feb. 24, 1909.   Appeal, No. 14, Feb. T., 1909, by
plaintiffs, from order of C. P. Lycoming Co., Sept. T., 1906,
No. 89, sustaining defendant's appeal from taxation of costs and
disallowing costs of printing plaintiffs' paper-book on appeal in
case of P. Duff & Sons v. F. B. Thrall, surviving partner of
F. B. Thrall & Company.   Before RICE, P. J., PORTER, HENDER-
SON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Appeal from taxation of costs.
The opinion of the Superior Court states the case.

*Error assigned* was order sustaining the appeal from taxation
of costs.

*Max L. Mitchell*, for appellant.

*Herbert T. Ames*, with him *Thomas H. Hammond*, for appellee.

PER CURIAM, April 19, 1909:·
An appeal by the plaintiffs from the judgment of the common
pleas was taken and argued before the passage of the Act of
April 15, 1907, P. L. 83, but the judgment of this court revers-
ing the judgment of the common pleas and directing judgment
in favor of the plaintiffs on the verdict was not rendered until

afterwards. The question is whether the act entitles the plaintiffs to have the amount expended by them for printing paperbooks taxed as part of the costs. The learned judge below held that it does not, and it so happens that on the following day we rendered a decision to the same effect in another case: Smith v. Illinois Central R. R. Co., 36 Pa. Superior Ct. 584. This was followed by us in Barto v. Beaver Traction Co., 37 Pa. Superior Ct. 447, and again in the recent case of Miller v. Jackson, 38 Pa. Superior Ct. 477. The argument of the learned counsel for the appellant has not convinced us that this was erroneous. Having regard to the subject-matter of the act, as well as its words, it is more reasonable to conclude that the legislature had in contemplation future appeals, and not those that were pending and undisposed of in the appellate courts, and particularly not those in which the expense had been incurred before the passage of the act. As pointed out by our Brother ORLADY in Smith v. Illinois Central R. R. Co., 36 Pa. Superior Ct. 584, the conclusion there reached is in harmony with the doctrine enunciated in Thomas's Election, 198 Pa. 546.

The order is affirmed at the costs of the appellants.