## Smyth, Appellant, *v.* Goebel.

*Attorneys-at-law—Attorney's lien—Act of May 6, 1915, P. L. 261 —Statutes—Retrospective or prospective statutes.*

The Act of May 6, 1915, P. L. 261, relating to the lien of fees of attorneys-at-law, is not retrospective in its effect, and does not apply to causes instituted before its passage.

A statute is always to be interpreted so as to operate prospectively, and not retrospectively, unless the language is so clear as to preclude all questions as to the intention of the legislature.

Argued March 15, 1916. Appeal, No. 357, Oct. T., 1915, by plaintiff, from decree of C. P. No. 2, Philadelphia Co., March T., 1914, No. 281, dismissing bill in equity in case of Charles L. Smyth v. Alfred J. Goebel and Maggie Harris. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity to establish a lien for attorney's fees.

SULZBERGER, P. J., found the facts to be as follows:

1. The plaintiff, Charles L. Smyth, Esquire, as attorney or record for Alfred J. Goebel, the plaintiff, in an action of trespass for personal injuries brought in this court against one Maggie Harris, did, on March 19, 1915, try the said case and recover a verdict of $2,000 for said plaintiff. The court, however, on April 26, 1915, set aside the verdict and granted a new trial.

2. At the time of his retainer, the said plaintiff made a parol contract with his client, the said Goebel, that he, the plaintiff, should as compensation for his services, receive one-half the amount recovered by suit or compromise, and should, in addition, receive repayment of moneys advanced by him in the case.

3. After entry of the order for new trial, to wit, on May 24, 1915, the parties, Goebel and Harris, without plaintiff's knowledge or consent, compromised the case by the payment of $1,200 to the said Goebel by the said Maggie Harris.

4. The plaintiff herein has advanced moneys in the case to the amount of $100.

5. The defendant, Goebel, has not repaid to plaintiff the advances, nor $600, half the sum received by him.

The court held that the Act of May 6, 1915, P. L. 261, was not retrospective, and dismissed the bill.

585, (1916).] Assignment of Error—Opinion of the Court.
*Error assigned* was decree dismissing the bill.

*Henry J. Scott,* for appellant.—The act is plainly applicable, without any retrospective construction: McKelvy's App., 108 Pa. 615; Kille v. Reading Iron Works, 134 Pa. 225; Lane v. White, 140 Pa. 99; Swartz v. Carlisle Boro., 237 Pa. 473; Sayers v. Com., 88 Pa. 291; Taggart v. McGinn, 14 Pa. 155; Weister v. Hade, 52 Pa. 474; Lane v. Nelson, 79 Pa. 407.

Even if retrospective construction is necessary, it is proper: Schoenberger's Est., 211 Pa. 99; Kille v. Reading Iron Works, 134 Pa. 225; King v. Security Co. of Pottstown, 241 Pa. 547.

*Owen J. Roberts,* with him *Charles H. Eimerman,* for appellee, cited: Schoneman v. Fegley, 14 Pa. 376; Taylor v. Mitchell, 57 Pa. 209; Thomas' Election, 198 Pa. 546; Smith v. Illinois Cent. R. R. Co., 36 Pa. Superior Ct. 584.

OPINION BY HENDERSON, J., July 18, 1916:

This case was well decided by the learned trial judge. It is a well settled rule of construction that a statute shall always be interpreted so as to operate prospectively and not retrospectively unless the language is so clear as to preclude all question as to the intention of the legislature: Taylor v. Mitchell, 57 Pa. 209; Sproul v. Standard Plate Glass Co., 201 Pa. 103; Smith v. Ill. Cen. R. R. Co., 36 Pa. Superior Ct. 584. The language of the act does not disclose a legislative intention to make it applicable to pending litigation. We are not persuaded that it was only intended to apply to a judgment or award. The lien given is on the "cause of action, claim or counterclaim" of the suitor from the commencement of any action or proceeding either at law, in equity or otherwise. It could not be applied to cases pending without the imposition of a new burden and obligation on the

client and it should not be assumed that the legislature had such a purpose.

It is unnecessary to consider the constitutionality of the statute and we express no opinion on that subject.

The decree is affirmed at the cost of the appellant.