## Joy v. Specialty Engineering Co.

*Herman A. Becker*, for claimant.
*Ralph N. Kellam*, for defendant.

LEVINTHAL, J., May 11, 1943.—This is a motion to quash an appeal taken from an order of the Workmen's Compensation Board to our court. The action of the board was taken on June 26, 1941, and notice thereof mailed to claimant and his counsel the same day. More than 20 days thereafter, to wit, on August 7, 1941, claimant filed the appeal which is the subject of the present motion to quash. Within the 20-day period, namely, on July 16, 1941, claimant had filed a petition for rehearing. This petition was still pending when claimant filed the present appeal. The accident causing the injuries for which compensation is sought occurred on February 16, 1938.

When the accident occurred the time limitations for appeal from an order of the board to the court of common pleas were expressed in section 1 of The Workmen's Compensation Act of June 4, 1937, P. L. 1552,

amending section 426 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §871, as follows:

"The time for taking appeals shall be suspended pending the determination of the first petition for rehearing in those cases in which such petition is filed within twenty days from notice of decision of the Workmen's Compensation Board . . ."

This provision, however, was deleted from The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, which provides in the reënactment of section 427 that "Such appeal must be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal."

It is claimant's position that though the Act of 1939 was in effect on the date of the board's order in question it has no application to his case, for his cause of action arose prior to the Act of 1939, and the statute in force on the date of the accident ought to govern his rights with respect to the time limit on the taking of an appeal. He relies on section 56 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §556, which provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature."

A consideration of the relevant authorities makes it abundantly evident that claimant's contention cannot be sustained. In Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166 (1920), the Supreme Court of Pennsylvania stated the applicable principle as follows:

"Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage . . ."

Applying procedural requirements to litigation existing at the time of the enactment of the statute does not give it retrospective operation. Though the substantive right was created anterior to the date of the act, the time for taking an appeal, a purely procedural matter, does not affect the substantive rights of the parties at all. The application of procedural statutes to existing litigation is making such statutes operate in præsenti. The Statutory Construction Act, therefore, does not compel us to hold that the Act of 1939 does not control the rights of the parties herein with respect to the time in which an appeal may be taken.

A somewhat similar question was involved in De Joseph v. Standard Steel Car Co. et al., 99 Pa. Superior Ct. 497 (1930), in which it was held that a statute decreasing the period of time available to a claimant to petition for additional compensation was applicable to pending litigation. The Superior Court there said (p. 504):

"Retroactive laws are not in violation of the Constitution which do not work an impairment of contracts, and which affect remedies of procedure only. . . Statutes of Limitations are to be construed liberally and provisions in them which are retroactive in character will be upheld if a reasonable time is given the parties affected to pursue their remedy . . ."

Though this case was decided before the date of the Statutory Construction Act, the act in no way impairs its authority, for the provision in the act relating to retroactive construction is a common-law principle which had been applied in many cases long before the enactment of the statute in question: Smith v. Illinois Central R. R. Co., 36 Pa. Superior Ct. 584 (1908); Smyth v. Goebel, 63 Pa. Superior Ct. 585 (1916); Philadelphia, Baltimore & Washington R. R. to use v. Quaker City Flour Mills Co., 282 Pa. 362 (1925).

It follows from what has been said that the appeal must be quashed.